# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CALVIN DEAN PETERS,

    Petitioner,

vs.

    No. Civ. 01-0114 MV/RLP

TIM LE MASTER, Warden, *et al.*

    Respondents.

## MEMORANDUM OPINION AND ORDER
## ADOPTING IN PART THE MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition **[Doc. No. 25]**, recommending that Petitioner's petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 **[Doc. No. 1]** be dismissed and that all of petitioner's other pending motions **[Doc. Nos. 3, 14, 15, 21, and 23]** be denied as moot. Upon conducting a *de novo* review of the record, the Court finds that the Proposed Findings and Recommended Disposition will be adopted in part; that the petition for *habeas corpus* under 28 U.S.C. § 2254 will be dismissed as untimely; and that the remaining motions will be denied.

### BACKGROUND

After a jury trial in 1995, Petitioner was convicted of several violent felonies. The trial court entered judgment on October 19, 1995, and entered an amended judgment on February 22,

1996. Petitioner is serving a 92-year sentence. Petitioner took a timely appeal, and his conviction was affirmed on June 19, 1997. *See State v. Peters*, 944 P.2d 896 (N.M. Ct. App.), *cert. denied* 942 P.2d 189 (N.M. 1997). Petitioner's state petition for *certiorari* was denied on August 12, 1997. Petitioner then had 90 days to file an appeal to the United States Supreme Court, but did not do so. Petitioner filed a petition for a writ of *habeas corpus* in state court on October 16, 1998, which was denied on April 8, 1999. However, petitioner did not receive the April 8, 1999 Order denying his petition for state *habeas corpus* relief. Therefore, on November 22, 1999, the state court entered an order vacating its prior order, and reinstating the time for appeal. Mr. Peters was required to file a petition for *certiorari* in the state supreme court by December 22, 1999. On December 21, 1999, the state supreme court received petitioner's petition for *certiorari*. However, the state supreme court rejected the petition as untimely (apparently, the state supreme court was unaware of, or declined to acknowledge, the state court's reinstatement of the time for appeal.) Petitioner then filed a motion for extention of time, which the state supreme court denied on January 26, 2001. Petitioner filed his petition for a writ of *habeas corpus* in this Court on January 29, 2001.

## ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains a statute of limitations provision applicable to *habeas corpus* petitions filed by persons who are in custody pursuant to the judgment of a state court. That provision requires a petition for *habeas corpus* filed under 28 U.S.C. § 2254 to be filed within one year of the date on which the state

2

judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A).[1] The limitation period in this case began to run on November 10, 1997, when the time for petitioner to seek *certiorari* in the United States Supreme Court from the affirmance of his conviction expired. *See Kapral v. United States*, 166 F.3d 565, 570-71 (3rd Cir. 1999) (holding that a judgment becomes "final" when the Supreme Court affirms the conviction and sentence on the merits, or denies a timely filed petition for *certiorari*, or when the time for filing a petition for *certiorari* expires) (citing *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997)). Petitioner's timely filed petition for state *habeas corpus* relief tolled the limitations period. *See* 28 U.S.C. § 2244(d)(2). He filed his state petition on October 16, 1998, leaving twenty-five days remaining in the limitation period. Petitioner's state petition for *certiorari* appears to have been timely; nonetheless, the state court denied the petition for *certiorari* and subsequently denied petitioner's motion for extention of time on January 26, 1999. Adding the twenty-five days remaining on the limitation period, petitioner had until February 21, 2000 to file his § 2254 petition. His § 2254 petition filed on January 29, 2001, is, therefore, time-barred.

## CONCLUSION

IT IS THEREFORE ORDERED THAT:

• the Magistrate Judge's Proposed Findings and Recommendation **[Doc. No. 25]** are hereby **ADOPTED in part**;

• Petitioner's for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 **[Doc. No. 1]** is hereby **DISMISSED**; and

---

[1] The statute also provides for the limitations period to run from certain other dates, which are not applicable here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

- Petitioner's Motion and Notice of Motion for Appointment of Counsel **[Doc. No. 3]**; Renewed Motion to Recuse **[Doc. No. 14]**; Motion and Notice for Leave to Request Production **[Doc. No. 15]**; Renewed Motion for Appointment of Counsel **[Doc. No. 21]**; and Motion to Adjourn and/or Continue Adjudication **[Doc. No. 23]** are hereby **DENIED**.

Dated this 17th day of December, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff
    Calvin Dean Peters, *pro se*

Attorney for Defendant
    Margaret McLean